IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES GREER #582777, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:20-cv-00726 |
| ) | Case No. 3:20-cv-00794 |
| TENNESSEE DEPARTMENT ) | |
| OF CORRECTION, et al., ) | JUDGE TRAUGER |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

James Greer, an inmate of the Bledsoe County Correctional Complex in Pikeville, Tennessee, filed the first of these civil rights complaints pursuant to 42 U.S.C. § 1983 on August 24, 2020. That complaint, however, was not accompanied by either the requisite filing fee or by an application to proceed in district court without prepaying fees and costs. Accordingly, on August 28, 2020, the court ordered the plaintiff to correct that deficiency. (Doc. No. 4 in Case No. 3:20-726.) On September 17, 2020, the plaintiff filed a second complaint along with an affidavit to proceed without prepaying. (Doc. Nos. 1, 2 in Case No. 3:20-794.) The District Judge to whom the second case was assigned correctly observed that the claims in the two cases are materially related and accordingly transferred the second case to the undersigned to enable efficient and consistent handling of both cases. (Doc. No. 4 in Case No. 3:20-794.)

The second case—No. 3:20-794—is hereby **CONSOLIDATED** with the plaintiff's original case as they raise materially the same claim. All further filings in this matter should be made under Case No. 3:20-726, and the Clerk of Court is **INSTRUCTED** to close Case No. 3:20-794 without judgment.

The matter is before the court for a ruling on the plaintiff's application to proceed in forma pauperis (IFP). (Doc. No. 2 in Case No. 3:20-794.) In addition, the plaintiff's pleadings are before the court for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### A. Application to Proceed as a Pauper

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it appears from the plaintiff's submission that he lacks sufficient financial resources from which to pay the full filing fee in advance, the court **GRANTS** his motion (Doc. No. 2 in 3:20-794) to proceed IFP in this matter.

However, under Section 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the plaintiff is hereby **ASSESSED** a $350 filing fee, to be paid as follows:

The custodian of the plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's inmate trust account; or (b) 20% of the average monthly balance in the plaintiff's inmate trust fund account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the trust fund officer must withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must

continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Each time the trust account officer makes a payment to this court as required by this order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify the plaintiff's name and the case number assigned to this consolidated case—No. 3:20-cv-00726—and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** to send a copy of this order to the Warden of the prison in which the plaintiff is currently housed to ensure that the custodian of the plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance with this order.

### B. Initial Review

Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to conduct an initial review of any complaint filed in forma pauperis and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally

construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011).

The plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Plaintiff's various complaints and supplements in these consolidated cases all allege that he is being deprived of prescribed, medically necessary medication, specifically Prilosec, due to his financial inability to purchase it from the prison commissary. He alleges that this is due to a recent Tennessee Department of Correction (TDOC) policy change that went into effect in July 2020 and that the policy applies to all inmates with no exception for indigency. He says the failure to provide him with his medication has repeatedly caused him to suffer acute abdominal pain, gastritis, and diarrhea.

Deliberate indifference to a prisoner's serious medical needs "constitutes the unnecessary and wanton infliction of pain" and violates the constitution. *Ruiz v. Martin*, 72 F. App'x 271, 275 (6th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The "deliberate indifference" necessary to violate the constitution is a higher standard than negligence and

4

requires that the official know of, and disregard, an excessive risk to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 570 (6th Cir. 2013).

The plaintiff's allegations would state a colorable claim for damages against the responsible individuals under this standard. Moreover, because he alleges that his injuries are the result of policy, he would state a claim for injunctive relief against TDOC officials in their official capacities. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). But neither the court nor the parties can proceed on the basis of allegations spread across two separate complaints naming different sets of defendants and two supplements. The Federal Rules of Civil Procedure require a single complaint setting forth "a short and plain statement of the claim" and the plaintiff's demand for relief. Fed. R. Civ. P. 8(a). They also require a complaint's caption to name all parties to the suit. Fed. R. Civ. P. 10(a).

Accordingly, the plaintiff **MUST**, within 28 days of the date of entry of this order, file a single amended complaint clearly identifying all the parties and claims he wishes to pursue in this case.[1] The amended complaint must reflect the matter number under which the consolidated cases are proceeding: 3:20-cv-00726. The plaintiff is cautioned that his previous submissions in these cases will not be served on the defendants and will be disregarded for future purposes; the validity of his claims will be judged solely on the amended complaint.

The Clerk of Court is **DIRECTED** to provide the plaintiff with a blank Section 1983 complaint form for the plaintiff's use in drafting his amended complaint. The plaintiff **MUST**

---

[1] The court is aware that the plaintiff currently has yet another complaint pending in Case No. 2:20-cv-00054. That complaint is not related to this consolidated matter and is not affected by this order. The plaintiff should NOT include those or any other unrelated claims in his amended complaint in this case.

5

include the matter number for this case (3:20-cv-00726) on his amended complaint. The plaintiff is warned that his failure to comply with this order within the time provided, or to file a timely motion for extension of time to do so, may result in dismissal of this case for failure to prosecute and failure to comply with the court's order.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge